Murdock, J., concurring: Numerous cases have come before this Court in which taxpayers have entered into transactions intended to give them a substantial deduction for amortization of bond premiums. They have dealt in bonds containing a provision for call at a stated amount on notice of 30 days, although it is well known in the market that there is no likelihood of the debtor calling them. Such dealings in these bonds have apparently created a market price for the bonds far in excess of what it would be except for this 30-day call provision and its attraction to taxpayers looking for a tax benefit. The higher the price, the greater the premium subject to amortization. Taxpayers buy the bonds at the inflated price, hold them 30 days, deduct the difference between cost and the 30-day call price, and then find some way to dispose of them which also may be beneficial taxwise. The artificially sustained market price is helpful in the beneficial disposition. The taxpayers do not sustain a loss during the 30 days equal to the difference between cost and the 30-day call price. They may sustain no loss whatsoever. They take no real risk of any such loss from a possible call because, as has appeared, the issuer of the bonds, expanding and borrowing additional amounts, has no intention of calling these bonds on 30 days’ notice or indeed of calling them at all in the near future. Cf. Estate of A. Gourielli, 33 T.C. 357; Jacob A. Goldfarb, 33 T.C. 568; Maysteel Products, Inc., 33 T.C. 1021. One desiring a real income-producing investment would not be likely to pay the premium price for bonds like these. I cannot believe that Congress had such a situation in mind and intended taxpayers to take a deduction under any such circumstances. BRUOE and Mulroney, JJ., agree with this concurring opinion.